UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MATT EISNER,<br><br>   Plaintiff,<br><br>  v.<br><br>META PLATFORMS, INC., et al.,<br><br>   Defendants. | Case No. 24-cv-02175-CRB   (PHK)<br><br>**ORDER DENYING MOTION TO SHORTEN TIME PURSUANT TO CIVIL L.R. 6-3**<br><br>Re: Dkt. 11 |

## INTRODUCTION

Plaintiff, a current shareholder of Meta Platforms, Inc. ("Meta"), brings this action pursuant to Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), and the SEC rules promulgated thereunder, seeking declaratory and injunctive relief from Meta and its founder, Chairman, and Chief Executive Officer, Mark Zuckerberg (collectively, Defendants") in connection with Meta's proxy statement made in advance of its upcoming annual shareholder meeting.  *See* Dkt. 1.  The case has been referred to the undersigned for all discovery purposes, including the instant administrative motion relating to discovery.  *See* Dkt. 11.

## BACKGROUND

Upon commencing this action, on April 19, 2024, Plaintiff moved under Federal Rule of Civil Procedure 65 for a preliminary injunction compelling Defendants (i) to make certain additional disclosures in Meta's 2024 annual proxy statement (Form 14A filed with the Securities and Exchange Commission) regarding its internal controls relating to key enterprise risks, including protection of minors from sexual exploitation; and (ii) to postpone Meta's annual shareholder meeting, which is currently scheduled to take place on May 29, 2024, to allow

sufficient time for the additional disclosures to be made to and reviewed by Meta's shareholders in advance of the annual shareholder meeting. [Dkt. 9]. The preliminary injunction motion is currently set to be heard by the presiding District Judge on June 29, 2024. [Dkt. 12].

On April 19, 2024, Plaintiff also filed a motion seeking expedited discovery of certain documents from Meta "to ensure that the Court has a complete and comprehensive record to rule on plaintiff's preliminary injunction motion." [Dkt. 10]. Contemporaneously with that motion, Plaintiff filed the instant motion to advance the hearing date for the motion for expedited discovery, from May 24, 2024 to May 3, 2024, and to accelerate the corresponding briefing schedule for the underlying expedited discovery motion. [Dkt. 11].

## **DISCUSSION**

Presently before the Court is Plaintiff's administrative motion under Civil Local Rule 6-3 seeking to expedite the briefing schedule and hearing date for Plaintiff's contemporaneously filed motion for expedited discovery. [Dkt. 11]. Defendants oppose Plaintiff's administrative motion. [Dkt. 20]. Plaintiff has filed no reply brief, and none is required. *See* Civil L.R. 6-3(d). Having carefully considered the Parties' arguments, the Court **DENIES** Plaintiff's request for an expedited briefing schedule and hearing date on the underlying motion for expedited discovery, as discussed below.

Civil Local Rule 6-3, which governs motions to modify deadlines and hearing dates, provides that a motion to shorten time must be accompanied by a declaration that (1) sets forth with particularity the reasons for the request; (2) describes the efforts the moving party has made to obtain a stipulation to the time change; (3) identifies the substantial harm or prejudice that would occur if the Court did not change the time; (4) describes the moving party's compliance with Civil Local Rule 37-1(a) where applicable; (5) describes the nature of the underlying dispute and summarizes the position of each party; (6) discloses all previous time modifications in the case; and (7) describes the effect the requested time modification would have on the schedule for the case. Civil L.R. 6-3(a). "Unless otherwise ordered, a party who opposes a motion to enlarge or shorten time must file an opposition not to exceed 5 pages, accompanied by a declaration setting forth the basis for opposition, no later than 4 days after receiving the motion." Civil L.R.

6-3(b).  "After receiving a motion to enlarge or shorten time and any opposition, the Judge may grant, deny, modify the requested time change or schedule the matter for additional briefing or a hearing."  Civil L.R. 6-3(d).

Here, the Court finds that Plaintiff's motion to shorten time does not satisfy the requirements of Civil Local Rule 6-3(a).  First, Plaintiff does not describe *any* efforts to obtain a stipulation for the requested shortened schedule from opposing counsel or to comply with the meet and confer requirements under Civil Local Rule 37-1(a).  *See* Civil L.R. 6-3(a)(2), (4)(i).  Indeed, Defendants' counsel avers that, prior to filing the instant motion, Plaintiff "did not request a meet-and-confer with Defendants to discuss the timing for briefing any motion for expedited discovery or attempt to stipulate to a briefing schedule for such motion."  [Dkt. 20-1 at ¶ 5].  Plaintiff's motion fails to disclose all previous time modifications in the case and fails to describe the effect the requested time modification would have on case scheduling.  *See* Civil L.R. 6-3(a)(5)-(6).

Plaintiff also fails to set forth with sufficient particularity the reasons for the requested time change or identify the substantial harm or prejudice that would occur in the absence of the relief sought.  *See* Civil L.R. 6-3(a)(1), (3).  The declaration accompanying Plaintiff's motion is basically nothing more than a verbatim repetition of the administrative motion brief, with no averments of the facts required under the Local Rules.  The supporting declaration (like Plaintiff's brief) merely states that Plaintiff seeks expedited discovery "of a limited set of documents, including certain presentations and packages made to Meta's Board of Directors, in order to ensure that the Court would have a complete and comprehensive record to rule on Plaintiff's motion for preliminary injunction."  [Dkt. 11-1 at ¶ 4].  Further, the declaration simply states in conclusory fashion that "[g]ood cause exists to advance the hearing and shorten the briefing schedule for plaintiff's motion for expedited discovery because any discovery resulting from that motion will have to be produced in advance of plaintiff's May 10, 2024 deadline to submit his reply for the preliminary injunction motion."  [Dkt. 11-1 at ¶ 5].  Absent from the declaration are substantive averments of fact to support or address why good cause exists to shorten the briefing schedule.

Notably, Plaintiff does not explain why such discovery, if allowed, *must* be produced

before the May 10, 2024 deadline, particularly given that the hearing on the preliminary injunction motion is not even set to take place until June 21, 2024.  Nor does Plaintiff explain how the discovery motion's current briefing schedule and May 24, 2024 hearing date would hinder his ability to present "a complete and comprehensive record" to the presiding District Judge in connection with the preliminary injunction motion.  Further, Plaintiff cites no law defining what a "complete and comprehensive record" consists of for purposes of a preliminary injunction motion, and thus, there is nothing in the present record to demonstrate how or why the requested shortened briefing schedule is justified to achieve such a "record".

The Court has broad discretion and authority to manage discovery.  *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion.").  The Court's discretion includes authority to dictate the sequence of discovery.  *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery").  Because Plaintiff has not complied with the requirements of Civil Local Rule 6-3(a), Plaintiff's administrative motion to advance the briefing schedule and hearing date for his motion seeking expedited discovery [Dkt. 11] is **DENIED**.  *See Lucas v. Hertz Corp.*, No. C 11-01581 LB, 2012 WL 3638568, at *4-5 (N.D. Cal. Aug. 22, 2012) (denying administrative motion to shorten time where moving party "did not describe the efforts he made to obtain a stipulation to the time change" or "set forth with particularity the reasons for the requested shortening of time").  Further, in light of the fact that the underlying preliminary injunction motion will not be heard until June 29, 2024, the Court denies the instant motion in the exercise of the Court's discretion.

**IT IS SO ORDERED.**

Dated: April 29, 2024

_____
PETER H. KANG
United States Magistrate Judge