UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MATT EISNER,<br><br>    Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>    Defendants. | Case No. 24-cv-02175-CRB (PHK)<br><br>**ORDER DENYING MOTION FOR EXPEDITED DISCOVERY**<br><br>Re: Dkt. 10 |

### INTRODUCTION

Plaintiff, a current shareholder of Meta Platforms, Inc. ("Meta"), brings this action pursuant to Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a) and the SEC rules promulgated thereunder, seeking declaratory and injunctive relief against Meta and its founder, Chairman, and Chief Executive Officer, Mark Zuckerberg (collectively, "Defendants") in connection with Meta's proxy statement made in advance of its upcoming annual shareholder meeting. [Dkt. 1]. The case has been referred to the undersigned for all discovery purposes. *See* Dkt. 13.

Presently before the Court is Plaintiff's motion seeking expedited discovery in connection with Plaintiff's concurrently filed and still pending motion for a preliminary injunction. [Dkt. 10]. Defendants have filed an opposition to the instant motion, and Plaintiff has filed a reply. [Dkts. 32, 35]. The Court has carefully reviewed the materials submitted by the Parties and heard oral argument from counsel for the Parties on May 24, 2024. *See* Dkt. 38. As discussed herein, the Court **DENIES** Plaintiff's motion for expedited discovery [Dkt. 10].

## BACKGROUND

Upon commencing this action, on April 19, 2024, Plaintiff moved under Federal Rule of Civil Procedure 65 for a preliminary injunction seeking an injunction compelling Defendants (i) to make certain additional disclosures in Meta's 2024 annual proxy statement (Form 14A filed with the Securities and Exchange Commission) regarding its internal controls relating to key enterprise risks, including protection of minors from sexual exploitation; and (ii) to postpone Meta's annual shareholder meeting, which is currently set to take place on May 29, 2024, allegedly to allow sufficient time for the requested additional disclosures to be made to and reviewed by Meta's shareholders in advance of the annual shareholder meeting. [Dkt. 9]. The preliminary injunction motion is currently set to be heard by the presiding District Judge on June 21, 2024. [Dkt. 12].

On April 19, 2024, Plaintiff also filed the instant motion pursuant to Federal Rule of Civil Procedure 26(d)(1) seeking expedited discovery of certain documents from Defendants "to ensure that the Court has a complete and comprehensive record to rule on plaintiff's preliminary injunction motion." [Dkt. 10]. Specifically, Plaintiff requests that Defendants produce the following eight categories of documents on an expedited basis:

- All reports and board packages presented to the Meta Board of Directors in the last two years regarding exploitation of minors and inappropriate sexual content directed to minors on Meta's Instagram and Facebook social media platforms, as well as all documents regarding the existence and status of internal controls and enforcement measures designed to prevent and remediate such issues.

- All reports and presentations prepared by or presented to senior Meta executives in the last two years regarding exploitation of minors and inappropriate sexual content directed to minors on Meta's Instagram and Facebook social media platforms, as well as regarding the existence and status of internal controls and enforcement measures designed to prevent and remediate such issues.

- All reports prepared by or presented to Meta's internal task force during the last two years, which task force Meta has stated was formed to address the problem of exploitation of minors on its social media networks.

- All evidence underlying the statistics and information pertaining to exploitation of minors and sexual content directed to minors contained in the last two Community Standards Enforcement Reports issued by Meta.

- All documents and reports discussing the role of algorithms at Meta in causing

2

inappropriate material to be directed to minors on Meta's social media networks.

- All internal complaints and "whistleblowing" communications regarding the exploitation of minors or harm to minors on Meta's social media networks and deficiencies or problems in Meta's ability to adequately address such problems.

- All internal reports and communications regarding why Meta is unable to estimate the prevalence of child endangerment on Instagram and Facebook (as stated in the Company's Community Standards Enforcement Report) as well as reports and communications regarding the Company's current efforts to estimate such prevalence.

- All documents exchanged with the outside experts and consultants that Meta states it regularly consults with on the topic of child endangerment on its social media networks, as well as all proposals and suggestions received from such persons for improvements in the area.

*Id.* at 5-6.

Plaintiff argues that "ample good cause exists for expedited discovery here because it would provide the Court with a complete record for deciding Plaintiff's preliminary injunction motion before Meta's annual shareholder meeting[.]"  [Dkt. 35 at 5].

Defendants argue that Plaintiff's request for expedited discovery lacks merit because (i) all discovery in this matter is stayed pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), and (ii) even if discovery is not stayed, Plaintiff has not demonstrated good cause for expedited discovery as required by Rule 26(d)(1).  [Dkt. 32 at 8-16].

Concurrently with the instant motion, Plaintiff filed an administrative motion to shorten time for briefing and hearing on the instant motion for expedited discovery.  [Dkt. 11].  Defendants opposed that administrative motion.  [Dkt. 20].  On April 29, 2024, this Court denied that administrative motion.  [Dkt. 28].  Oral argument was heard on May 24, 2024 (the original hearing date for the instant motion as noticed by Plaintiff) and the matter submitted at that time.  [Dkt. 38].

## ANALYSIS

### I.     The PSLRA Discovery Stay Applies to this Case

The Court considers, first, whether Plaintiff's claims are subject to the PSLRA's discovery stay provision.  *See Herrley v. Frozen Food Express Indus., Inc.*, No. 3:13-cv-3004-B(BF), 2013

3

WL 4417699, at *1 (N.D. Tex. Aug. 19, 2013) ("Plaintiff's arguments that 'good cause' exists for ordering expedited discovery under Fed. R. Civ. P. 26(d)(1) are inapposite as the threshold issue is whether any discovery is appropriate [under the PSLRA] prior to the resolution of the pending motions to dismiss.").

"The PSLRA was enacted in 1995 'in response to several perceived abuses in securities litigation, including discovery abuses.'" *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014) (quoting *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of Calif.*, 189 F.3d 909, 911 (9th Cir. 1999)). The primary abuse the PSLRA sought to curb is the filing of "strike suits," *i.e.*, shareholder derivative actions which are filed for their nuisance value with the goal of obtaining a settlement driven by the transactional fees, costs, and burdens of litigation, rather than the merits. *Freeman Invs., L.P. v. Pac. Life Ins. Co.*, 704 F.3d 1110, 1114 (9th Cir. 2013) (defining "strike suits" as "frivolous securities class actions that put defendants to the unappealing choice of settling claims, however meritless, or risking extravagant discovery and trial costs").

The PSLRA achieves its goal by departing from the Federal Rules of Civil Procedure in two significant ways. First, the PSLRA requires plaintiffs in federal securities actions to satisfy a heightened pleading standard that is more stringent even than Rule 9(b)'s pleading requirements for fraud claims. *See* 15 U.S.C. § 78u-4(b); *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1057-58 (9th Cir. 2014). The heightened pleading standard's purpose is to curb strike suits by "ward[ing] off allegations of 'fraud by hindsight.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 320 (2007) (citation omitted).

Second, and most relevant here, the PSLRA provides a mandatory stay of all discovery, subject to limited exceptions, during the pendency of any motion to dismiss in an action filed under the federal securities laws. 15 U.S.C. § 78u-4(b)(3)(B); *Petrie*, 761 F.3d at 966. Specifically, the statute reads, in pertinent part:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, until the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B).

4

The stay arises automatically without court order. *Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 383 (2014). The Ninth Circuit has interpreted the PSLRA's automatic stay as applying essentially from the initial filing of the case. Under the PSLRA, discovery is permitted "only after the court has sustained the legal sufficiency of the complaint." *SG Cowen*, 189 F.3d at 912-13 ("The 'Stay of Discovery' provision of the [PSLRA] clearly contemplates that 'discovery should be permitted in securities class actions *only after the court has sustained the legal sufficiency of the complaint*.") (emphasis in original); *see also In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1105 (C.D. Cal. 2007) ("[T]he Ninth Circuit has interpreted the automatic stay on all discovery under the PSLRA as applying not only when a motion to dismiss is pending, but from the filing of the case until such time that 'the court has sustained the legal sufficiency of the complaint.'"). As noted by the District Judge presiding over this case, the stay imposed by the PSLRA is "automatically in place even before the filing of a motion to dismiss." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2016 WL 11796891, at *2 (N.D. Cal. June 23, 2016) (citing *SG Cowen*, 189 F.3d at 912-13; *Am. Funds*, 493 F. Supp. 2d at 1105).

The purpose of the PSLRA's automatic stay provision is two-fold. First, the stay prevents "the 'unnecessary imposition of discovery costs on defendants,' particularly as a means to coerce settlement." *Petrie*, 761 F.3d at 969 (quoting *SG Cowen*, 189 F.3d at 911). Second, the stay ensures that securities fraud complaints "stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed." *Id.* at 966 (quoting *SG Cowen*, 189 F.3d at 912). Congress enacted the mandatory stay of discovery, in part, to prevent plaintiffs from filing frivolous lawsuits and using them as a vehicle to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint.

Here, there is no dispute that Plaintiff's § 14(a) claims are a "private action arising under" and thus subject to the PSLRA. *See, e.g.*, *Knollenberg v. Harmonic, Inc.*, 152 F. App'x 674, 682 (9th Cir. 2005) ("[T]he PSLRA pleading requirements apply to claims brought under Section 14(a) and Rule 14a-9."). Further, Defendants have made clear that they intend to file a motion to dismiss. [Dkt. 32 at 8]. Accordingly, by operation of law, all discovery in this case is stayed

5

1 pending resolution of Defendants' anticipated motion to dismiss. *See Volkswagen*, 2016 WL
2 11796891, at *1-2 (finding defendants' stated intent to file a motion to dismiss sufficient to trigger
3 the PSLRA stay).

4       Plaintiff argues that the PSLRA automatic stay is "inapplicable" to this case because the
5 statute's "plain text" states that the discovery stay applies "during the pendency of [a] motion to
6 dismiss" and "there is no motion to dismiss the complaint pending here." [Dkt. 35 at 3]. While
7 acknowledging at the May 24th hearing that judges in this Circuit (including the District Judge
8 presiding over this case) have found the PSLRA stay to be in effect where a motion to dismiss is
9 "anticipated" but not yet filed, Plaintiff argues that such holdings are "contrary" to the statute's
10 intent. In addition, Plaintiff argues that two of the cases cited by Defendants, *SG Cowen* and
11 *American Funds*, are distinguishable and (and thus "inapposite") because (1) the plaintiffs in those
12 cases asserted Section 10(b) claims (rather than Section 14(a) claims), and (2) the plaintiffs in
13 those cases were not seeking "targeted, expedited discovery for purposes of a preliminary
14 injunction." *Id.* at 3-4.

15       Plaintiff's arguments are unavailing. First, as noted, it is well-settled that the PSLRA stay
16 of discovery applies to § 14(a) claims. *See, e.g.*, *Klein v. Ellison*, No. 20-cv-04439-JSC, 2021 WL
17 5104384, at *1 (N.D. Cal. June 25, 2021); *Melzer v. CNET Networks, Inc.*, No. C 06-03817 WHA,
18 2006 WL 3716477, at *2 (N.D. Cal. Dec. 15, 2006); *see also Sokolowski v. Adelson*, No. 2:14-cv-
19 0111-JCM-NJK, 2014 WL 1777996, at *3 (D. Nev. May 2, 2014) ("[T]he plain language of the
20 stay provision clearly encompasses any action that asserts claims under the 1934 Securities
21 Exchange Act."). The statute explicitly applies to "any private action arising under this chapter"
22 and the current case is an action arising under this chapter, as counsel for Plaintiffs admitted at
23 oral argument.

24       Moreover, courts have found that the PSLRA stay applies irrespective of whether there is a
25 pending preliminary injunction motion. *See, e.g.*, *Lusk v. Life Time Fitness, Inc.*, No. 15-1911
26 (JRT/JJK), 2015 WL 2374205, at *1 (D. Minn. May 18, 2015). Indeed, because evaluation of a
27 preliminary injunction requires an evaluation of likelihood of success on the merits, *Baird v.*
28 *Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023), that inquiry implicates an evaluation of the sufficiency

6

of the complaint—and the Ninth Circuit has made clear that the stay of discovery under the PSLRA remains in place until after there has been a final determination of the legal sufficiency of the complaint. *SG Cowen*, 189 F.3d at 912-13.

Accordingly, the PSLRA stay of discovery applies in this case.

## II.     Plaintiff Has Not Shown Entitlement to Relief from the PSLRA Stay

In his reply brief (though not in the instant motion itself), Plaintiff alternatively argues that, even if the PSLRA discovery stay applies, the Court should allow Plaintiff to obtain the discovery sought from Defendants. [Dkt. 35 at 2 ("[E]ven if the PSLRA's discovery stay applies, it should be modified to allow Plaintiff to conduct expedited discovery in light of the exigency of Meta's annual shareholder meeting, the targeted nature of Plaintiff's discovery requests, and the potential prejudice to Plaintiff.")].

As an initial matter, Defendants argue that Plaintiff may only seek relief from the PSLRA stay by filing a motion specifically requesting that the stay be lifted. [Dkt. 32 at 9]. Defendants argue that, because Plaintiff's instant motion "does not even refer to the PSLRA," Plaintiff's request to lift the stay should be denied as procedurally flawed. *Id.* The Court finds this technical argument unpersuasive and not alone a sufficient legal basis to deny the motion. *See Takiguchi v. MRI Int'l, Inc.*, No. 2:13-cv-01183-JAD-VCF, 2013 WL 6528507, at *6 (D. Nev. Dec. 11, 2013) (rejecting defendants' argument that lifting the PSLRA stay was "procedurally improper" because plaintiffs did not file a "specific" motion for particularized discovery and noting that the statute contains no such "procedural hurdle").

Under the PSLRA, the automatic stay of discovery can be lifted if "the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). Accordingly, in order to be granted relief from the stay, Plaintiff must show that the discovery sought here is (i) sufficiently "particularized," and (ii) necessary either to preserve evidence or to prevent undue prejudice.

To satisfy the requirement of "particularized" discovery, Plaintiff must "adequately specify the target of the requested discovery and the types of information needed to relieve that burden." *In re Asyst Techs., Inc. Derivative Litig.*, No. C-06-04669 EDL, 2008 WL 916883, at *1 (N.D.

Cal. Apr. 3, 2008).  Here, Plaintiff argues that the discovery sought from Defendants relating to "Meta's enterprise risks concerning exploitation of minors" is "focused and targeted" and "[l]imited in scope and time period."  [Dkt. 10 at 4, 6].  However, it is unclear how many documents are implicated by Plaintiff's discovery requests, who all the custodians of all the categories of documents are, the date ranges for several of the categories of documents, and even more importantly, it is unclear how those documents relate to Plaintiff's claims in this case.  *See In re Meta Platforms, Inc., Secs. Litig.*, No. 21-cv-08812-AMO, 2024 WL 923770, at *1 (N.D. Cal. Mar. 4, 2024) ("The Court is not convinced that Plaintiffs' discovery request is particularized as Plaintiffs' broad request for all materials disclosed in three sets of cases fails to identify the volume of discovery requested or the subject matter of those documents."); *Am. Funds*, 493 F. Supp. 2d at 1107 (holding plaintiffs' request for all documents produced by defendants to the California Attorney General's office in pending litigation was not sufficiently particularized as it failed to identify, among other things, "how the documents sought will be relevant to the claims Plaintiffs intend to assert in this case"); *Dipple v. Odell*, 870 F. Supp. 2d 386, 392 (E.D. Pa. 2012) (denying motion to lift PSLRA stay where "all documents" in particular categories were sought because such discovery was not particularized).  As set forth verbatim above, Plaintiff seeks "all" reports, "all" evidence, or "all" documents in eight broadly worded categories of documents, and the Court finds that as phrased those categories are not narrowly tailored.  As such, the Court finds that the discovery requests are not sufficiently particularized such that the Plaintiff is entitled to relief from the PSLRA stay of discovery.

Even assuming the discovery requests were particularized, Plaintiff also must show that the discovery sought is necessary either to preserve evidence or to prevent undue prejudice.  15 U.S.C. § 78u-4(b)(3)(B).  In this case, Plaintiff does not argue that lifting the stay is necessary to preserve evidence.  Nor does the Court find anything within the existing record to suggest that there is a risk of spoliation that might warrant lifting the stay.  *See SG Cowen*, 189 F.3d at 912 (noting that "the terminal illness of an important witness might require the deposition of the witness prior to the ruling on the motion to dismiss").

Plaintiff instead invokes the PSLRA's "undue prejudice" exception, arguing that "without

8

the expedited discovery, Plaintiff will be prejudiced because his ability to seek a preliminary injunction would be compromised, as he would be prevented from presenting a complete record to the Court." [Dkt. 35 at 5]. At the May 24th hearing, counsel for Plaintiff suggested that his client would be strategically and/or informationally disadvantaged if discovery is not allowed. Such concerns, without more, do not justify lifting the stay. *See In re Facebook, Inc. S'holder Derivative Privacy Litig.*, 411 F. Supp. 3d 649, 653 (N.D. Cal. 2019) (collecting cases); *Meta Platforms*, 2024 WL 923770, at *1 ("Wanting discovery and not having access to it is not the kind of undue prejudice that justifies lifting a discovery stay."); *see also SG Cowen*, 189 F.3d at 913 ("[A]s a matter of law, failure to muster facts sufficient to satisfy the [PSLRA]'s pleading requirements cannot constitute the requisite 'undue prejudice' to the plaintiff justifying a lift of the discovery stay under § 78u-4(b)(3)(B).").

Although Plaintiff repeatedly argues that the discovery sought is crucial to establishing his entitlement to preliminary injunctive relief, Plaintiff does not explain *why* the discovery is crucial or *how* the discovery sought relates (in any way) to the preliminary injunction motion. As the Court noted at oral argument, as a practical matter, Plaintiff has not shown how or why the requested discovery is necessary, crucial, or even relevant given that the preliminary injunction motion seeks relief to delay the Meta shareholder meeting on May 29, 2024 but the preliminary injunction will not even be heard until June 21, 2024.

Fundamentally, and as a matter of the Court's broad discretion to manage the manner and timing of discovery proceedings, the facts of this case do not support a finding of undue prejudice to Plaintiff sufficient to warrant relief from the discovery stay. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("Broad discretion is vested in the trial court to permit or deny discovery[.]") (alteration omitted); *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981) ("[O]versight of discovery[] is left to the sound discretion of the [court].").

Accordingly, the Court finds that Plaintiff has failed to show entitlement to the exception to the stay of discovery under the PSLRA because there has been insufficient showing of a need to preserve evidence or protect against undue prejudice.

### III. Federal Rule of Civil Procedure 26(d)(1)

Even assuming the PSLRA stay was not in effect (which it is), the Court finds that Plaintiff has failed to demonstrate good cause for expedited discovery under the Federal Rules of Civil Procedure.

Rule 26(d)(1) bars litigants from engaging in discovery prior to the Rule 26(f) conference "except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(b), or when authorized by these rules, by stipulation, or by court order." The Court may authorize discovery to commence before the Rule 26(f) conference only if the requesting party establishes "good cause" for the request. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-77 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at 276.

In determining whether good cause justifies expedited discovery, the Court considers four non-exhaustive factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the request; and (5) how far in advance of the typical discovery process the request was made." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012). "The party seeking expedited discovery in advance of the Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures." *Id.*

Here, Plaintiff argues that good cause under Rule 26(d) exists to permit expedited discovery because the documents sought "will help the Court decide" the preliminary injunction motion pending before the presiding District Judge. [Dkt. 10 at 4]. Plaintiff characterizes the preliminary injunction motion as "time sensitive" in that it "seeks to compel Meta to provide additional disclosures to shareholders in advance of its 2024 annual shareholder meeting, which is currently scheduled for May 29, 2024." *Id.* Plaintiff argues that Meta's shareholders will be "irreparably harmed absent the additional disclosures sought." *Id.* Plaintiff argues that the discovery requests at issue are "focused and targeted" in that they seek documents in Defendants' "possession, custody or control, all of which directly relate to Meta's enterprise risks concerning

10

exploitation of minors." *Id.* Plaintiff argues that Defendants' burden to produce discovery on an expedited basis would be "minimal" because the documents sought "are readily available." *Id.* at 6.

The Court finds that the "good cause" factors do not weigh in favor of the requested expedited discovery. First, while a preliminary injunction motion is pending, the Court notes that the hearing will not take place until one month *after* Meta's annual shareholder meeting. There appears to be, on the current record, no good reason for the requested discovery when the preliminary injunction motion seeks relief regarding a shareholder meeting that will have already taken place by the time the preliminary injunction hearing is held. In essence, the requested discovery appears to be moot in light of the preliminary injunction motion's goals and the timing of the hearing on that motion. With respect to the second and fourth factors, Plaintiff has not shown that the discovery sought is appropriately tailored and will not be unduly burdensome. As discussed above and contrary to Plaintiff's characterizations, the eight document requests are not narrowly tailored or focused.

As with the analysis of the PSLRA discovery stay, the Court has broad discretion particularly under Rule 26 to manage discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598-99 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery. . . . Additionally, upon motion the court may limit the time, place, and manner of discovery[.]"). Under both the "good cause" standard of Rule 26(d)(1) and the Court's inherent and rules-based discretionary authority, the Court finds that Plaintiff has failed to demonstrate sufficient cause for expedited discovery prior to the Rule 26(f) meeting of counsel.

## CONCLUSION

In light of the foregoing, **IT IS ORDERED THAT** Plaintiff's Motion for Expedited Discovery [Dkt. 10] is **DENIED**.

Dated: May 28, 2024

_____
PETER H. KANG
United States Magistrate Judge